SAVOY, Judge
(dissenting).
This is an action ex delicto wherein plaintiffs sued Winn-Dixie Louisiana and its insurer, alleging that plaintiff-wife fell and injured herself as a result of water being left on the floor by an employee of Winn-Dixie. Defendants filed a general denial and an alternative plea of contributory negligence. After a trial on the merits judgment was rendered in favor of plaintiff-wife in the sum of $4,000.00 as general damages, and in favor of plaintiff-husband in the sum of $1,051.50 as special damages. Defendants have appealed.
The evidence reveals that Winn-Dixie opens its doors for business at 8:00 A.M. six mornings a week; that shortly after the store opened, plaintiff-wife, accompanied by her daughter, entered said premises and purchased some merchandise. As they came to the cashier’s stand the daughter, Mrs. Tracey, told her mother that she forgot some detergent and asked her to go to the soap section and purchase some detergent. Plaintiff-mother hurried, and in the vicinity of the first aisle, she turned to her left and injured herself.
During deposition and at the trial, plaintiff gave one version of the accident, and after a recess she stated that she had fallen at a different place than previously testified to. She also testified she fell on her back whereas Dr. Shirley, the treating physician, stated she fell on her side and received bruises on her right shoulder and temple.
Counsel for plaintiff attributes the inconsistencies in her testimony to her lack of understanding of the English language. She is a native of France. She married her husband in 1946 and moved to this country where she has resided since that time.
In Hay v. Sears, Roebuck & Company, 224 So.2d 496 (La.App. 3 Cir. 1969), this Court stated the rule of law applicable to this type of case to be:
“The law applicable to the facts and circumstances presented here is well established. A proprietor owes a duty to his customers to use ordinary care to keep his aisles, passageways and floors in a reasonably safe condition. Although the law imposes a duty of reasonable care by the proprietor toward his customers, the storekeeper is not the insurer of their safety while on his premises. In order to impose liability on a storekeeper or proprietor the plaintiff must prove by a clear preponderance of evidence that a dangerous condition, which caused injury to the plaintiff, was :
“(1) created or maintained by the storekeeper or one of his employees; or
“(2) if not created by the storekeeper or one of his employees, that (a) the storekeeper or one of his employees had actual knowledge of the dangerous condition, or (b) the dangerous condition had remained long enough for the storekeeper to have constructive knowledge of the condition. * * * (Citations omitted.)
Joel Richert, employee of Winn-Dixie, testified that one of his jobs was to mop the floor; that on the morning that Mrs. Guthrie fell he mopped the store with a large commercial type mop; that a handle was attached to the mop, and he used a five gallon bucket with warm water in it. He stated that as he would mop, he would press on the mop and squeeze water out; that on Saturdays he would only mop the portion of the store which needed it most and would finish around 7:30 A.M.; and *395 that on the morning of the accident he mopped the soap aisles. When he completed his work, he would inspect the floor.
No one saw Mrs. Guthrie fall. It is difficult to say whether she fell because of a wet floor or whether the fall occurred because she was hurrying to get the detergent for her daughter. The cashier could not check Mrs. Guthrie’s daughter until she returned with the detergent.
We do not think, under the circumstances of the case, plaintiff has carried the burden of proof imposed under our jurisprudence.
For the reasons assigned, I respectfully dissent.